IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO.: 4:21-CR-28 (CDL) |
| BRIAN COWMAN | : |
| Defendant | : |

## CONSENT ORDER

The United States, Defendant Brian Cowman, by and through his counsel Pete Temesgen, Esq., and Co-Defendant Mildred Alarcon by and through her counsel Robert Lynn Wadkins, Jr., have executed and presented to the Court a Joint Stipulation for Forfeiture of United States Funds in Lieu of Real Property ("Agreement"), which is attached hereto and made a part of this Order, in which the United States agreed to accept a cash payment by Defendant Cowman in the amount of ninety-one thousand, four hundred eight dollars and ten cents ($91,408.10), in lieu of forfeiting the real property located at 187 Caldwell Court, Fortson, Harris County, Georgia 31808, and any appurtenances and improvements thereon.

Accordingly, the Court hereby makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction of this matter pursuant to 18 U.S.C. § 3231, and venue is proper pursuant to 18 U.S.C. § 3232 and FED. R. CRIM. P. 18.

2. The United States has agreed that Defendant Cowman may pay a sum of money representing a portion of the proceeds traceable to the violations in which he pled guilty, in lieu of forfeiting the real property located at 187 Caldwell Court, Fortson, Harris County, Georgia 31808, and any appurtenances and improvements thereon, upon the following terms and conditions:

    a.) receipt of payment by Defendant Cowman in the amount of ninety-one thousand, four hundred eight dollars and ten cents ($91,408.10), made by cashier's check payable to: "United States Secret Service, Attention: Charles Jones, III, 410 W. Broad Avenue, Suite 410, Albany, Georgia 31701, paid no later than one hundred and eighty days (180) days the entry of a consent order for the stipulation and preliminary order of forfeiture; and

    b.) Defendant Cowman and Co-Defendant Alarcon must maintain and ensure that 187 Caldwell Court is not sold, disbursed, wasted, hidden, transferred, or otherwise made unavailable for forfeiture in the event that the cash payment cannot be made as agreed;

3. There is sufficient evidence to warrant a conclusion, by a preponderance of evidence standard, that the real property located at 187 Caldwell Court, Fortson, Harris County, Georgia 31808, and any appurtenances and improvements thereon, is subject to

forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), and a sum of money may be forfeited in lieu of the real property.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Upon satisfaction of the conditions set forth in the Parties Agreement, all right, title, and interest of Defendant Cowman in the following property shall be forfeited to the United States: ninety-one thousand, four hundred eight dollars and ten cents ($91,408.10) in United States funds, in lieu of the real property located at 187 Caldwell Court, Fortson, Harris County, Georgia 31808, and any appurtenances and improvements thereon (hereinafter referred to as the "subject property").

2. Defendant Cowman shall submit the payment of ninety-one thousand, four hundred eight dollars and ten cents ($91,408.10) in United States funds, made by cashier's check payable to: "United States Secret Service", Attention: Charles Jones, III, 410 W. Broad Avenue, Suite 410, Albany, Georgia 31701, within one hundred and eighty days (180) days from the entry of this consent order and preliminary order of forfeiture.

3. The Parties stipulate that this Agreement will be void and the United States may seek federal forfeiture of the described real property, if said payment is not received as agreed by Defendant Cowman.

4. Pursuant to 28 U.S.C. § 2465, no parties shall be entitled to attorney's fees, including any costs under 28 U.S.C. § 2412, nor shall the person or persons who made the

forfeiture of the subject property, nor any attorney, agent, or employee of the United States, be liable to suit or judgment on account of the forfeiture of the subject property or prosecution of the instant forfeiture action, there being reasonable cause shown for the seizure.

SO ORDERED, this __27th__, __April__, 2022.

_____
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

THE ENTRY OF THE FOREGOING ORDER IS CONSENTED TO BY:

PETER D. LEARY
UNITED STATES ATTORNEY

_____ for
MICHAEL D. MORRISON
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.   153001

_____
AMELIA G. HELMICK
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 142673

_____
BRIAN COWMAN
DEFENDANT

_____
PETE TEMESGEN, ESQ.
ATTORNEY FOR DEFENDANT
GEORGIA STATE BAR NO. 597347



X _____
MILDRED ALARCON
CO-DEFENDANT



_____
ROBERT LYNN WADKINS, JR., ESQ.
ATTORNEY FOR DEFENDANT
GEORGIA STATE BAR NO. 693615