IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO.: 4:21-CR-28 (CDL) |
| | : |
| BRIAN COWMAN | : |
| | : |
| Defendant | : |

### ORDER AND DECLARATION OF RESTITUTION

This matter having come before the Court on the United States and Defendant Brian Cowman's Joint Motion to Enter Consent Order and Declaration of Restitution, and the Court having reviewed the pleadings, consistent with the parties' stipulations, Defendant Cowman, through his counsel of record, Pete Temesgen, Esq., and the Government hereby agree to the below, and respectfully requested that the Court enter this Order and Declaration:

1. On July 8, 2021, a Federal Grand Jury sitting in the Middle District of Georgia, returned a seven count Indictment [Doc. 1] against Cowman. Count One charged that Cowman, knowingly and willfully conspired and agreed together and with others, both known and unknown to the Grand Jury, to commit an offense against the United States, to wit: transportation of stolen goods, by conspiring to transport or transfer in interstate commerce any goods, wares, or merchandise of a value of $5,000 or more, knowing the same to be stolen, converted, or taken by fraud; all in violation of Title 18, United States Code, Sections 2314 and 371. *Id.* at p. 1-4. Count Two charged that Cowman

aided and abetted by others both known and unknown to the Grand Jury, knowingly received, possessed, concealed, stored, sold, and disposed of goods, wares, or merchandise, to wit: ink cartridges, toner, electronic devices, speakers, razors, tick and flea medications/collars, and assorted other items, the property of Sam's Club, of a value of more than $5,000, which had crossed a state boundary after being stolen, unlawfully converted, or taken, to wit: said items had been transported into the state of Georgia after having been stolen at Sam's Club stores in Alabama, Mississippi, Tennessee, Kentucky, Ohio, Indiana, South Carolina, North Carolina, and Florida; knowing the same to be stolen, in violation of Title 18, United States Code, Section 2315, in connection with Title 18, United States Code, Section 2. *Id*. at pp. 4-17.

2. The Indictment included a Forfeiture Notice, which notified Cowman that upon conviction of the offense(s) set forth in the Indictment, he would be required to forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property real or personal, which constitutes or is derived from proceeds traceable to said violations(s), including, but not limited to, a personal money judgment in an amount to be determined. *Id*. at pp. 21-22.

3. On December 20, 2021, Cowman pled guilty to Counts One and Two of the Indictment charging him with Conspiracy to Transport Stolen Goods, in violation of Title 18, United States Code, Sections 2314 and 371; and Receipt and Possession of Stolen Goods, in violation of Title 18, United States Code, Section 2315, in connection with Title 18, United States Code, Section 2. *See* Docs. 71-73.

4.	On December 20, 2021, the Court entered a text only entry setting sentencing for Defendant Cowman, inter alia, for March 29, 2022.

5.	The United States identified property of Cowman that could be forfeited as directly traceable to the offense(s) or as substitute assets in accordance with Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), through Title 18, United States Code, Section 981(a)(1)(C).

6.	Accordingly, on March 23, 2022, the United States moved pursuant to Rules 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure for the Issuance of a Preliminary Order of Forfeiture/Money Judgment [Doc. 92].  The property included a Synovus Bank cashier's check, number 1000282592, dated July 31, 2019, made payable to Brian Cowman, for closed account 1007032038, in the amount of fifty-nine thousand, nine hundred forty-two dollars, and eighty-nine cents ($59,942.89).

7.	On March 25, 2022, the government and Cowman, through his counsel of record, Pete Temesgen, Esq., filed a Joint Motion to Continue Sentencing [Doc. 93] to allow Cowman sufficient time to review, research, and negotiate the forfeiture issues prior to sentencing.  The Court granted the motion on March 28, 2022, and entered a text only entry rescheduling sentencing to April 27, 2022.

8.	After further review and discussion, a determination was made by the Government that the Synovus Bank cashier's check, number 1000282592, dated July 31, 2019, made payable to Brian Cowman, for closed account 1007032038, in the amount of fifty-nine thousand, nine hundred forty-two dollars, and eighty-nine cents ($59,942.89), may still be negotiated.

9.      In accordance with Title 18, United States Code, Section 3663A, Defendant Cowman and the Government agree that the proper restitution amount in this case is $715,398.80, which represents the actual loss to the victim(s).

10.     In reaching this amount due, the Government has not reduced the restitution for the Synovus Bank cashier's check, described above in paragraph 6. Cowman has confirmed that he is no longer in possession of the cashier's check.

11.     Pursuant to O.C.G.A. § 11-3-312, if a cashier's check has been lost, destroyed, or stolen, a claimant may assert a claim to the obligated bank requesting payment of the amount of the check. If/when the claim becomes enforceable, the obligated bank becomes obliged to pay the amount of the check to the claimant if payment of the check has not been made to a person entitled to enforce the check. Id. Cowman agrees to assert a claim to Synovus Bank requesting payment of the amount of the cashier's check ($59,942.89) within ten (10) days of sentencing. Cowman further agrees to surrender the cashier's check to the Government within ten (10) days of receipt from Synovus Bank. The Government will then file a post-judgment garnishment application to Synovus, for the amount of the cashier's check, to be applied to any restitution ordered in this case.

IT IS HEREBY ORDERED AND DECLARED, BY CONSENT THAT:

1.      Pursuant to Title 18, United States Code, Section 3663A, Defendant Brian Cowman shall pay restitution in an amount not to exceed one million dollars ($1,000,000.00), which represents the actual loss to the victim(s).

2. The Court will issue a Judgment and Commitment Order that includes the above-stated restitution amount at sentencing.

3. Pursuant to O.C.G.A. § 11-3-312, if a cashier's check has been lost, destroyed, or stolen, a claimant may assert a claim to the obligated bank requesting payment of the amount of the check. If/when the claim becomes enforceable, the obligated bank becomes obliged to pay the amount of the check to the claimant if payment of the check has not been made to a person entitled to enforce the check. *Id*. Cowman shall assert a claim to Synovus Bank requesting payment of the amount of the cashier's check ($59,942.89) within ten (10) days of sentencing. Cowman shall surrender the cashier's check to the Government within ten (10) days of receipt from Synovus Bank. The Government shall then file a post-judgment garnishment application to Synovus, for the amount of the cashier's check, to be applied to any restitution ordered in this case.

4. Defendant Cowman and the Government are hereby bound to the terms of this Order and Declaration of Restitution.

IT IS SO ORDERED this 27th day of April, 2022.

S/Clay D. Land

CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA